# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONALD PROHASKA,

      Appellant,

      v.

DEPARTMENT OF
  TRANSPORTATION,

      Agency.

DOCKET NUMBER
PH-0752-16-0205-I-1

DATE: July 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bobby R. Devadoss</u>, Esquire, and <u>Megan Zeller</u>, Esquire, Dallas, Texas, for the appellant.

<u>Daniel P. Kohlmeyer</u>, Esquire, and <u>Christian Lewerenz</u>, Esquire, Jamaica, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the lack of candor charge, to analyze the appellant's affirmative defense of age discrimination under the correct causation standard, and to address the appellant's disparate penalties claim, we AFFIRM the initial decision.

¶2 On petition for review, the appellant challenges the administrative judge's findings regarding the agency's charges of misconduct, the affirmative defenses of age discrimination and retaliation for filing a restraining order against his coworker, the existence of nexus, and the reasonableness of the imposed penalty. Petition for Review (PFR) File, Tab 3 at 8-19. Further, the appellant reasserts his disparate penalties claim and disputes the administrative judge's denial of his motion to strike the agency's pleading. *Id.* at 16-17, 19-20. In addition, he has filed a motion for leave to file an additional pleading on review. PFR File, Tab 7.[2]

---

[2] We deny the appellant's request to supplement his petition for review after the close of the record with additional evidence because he has failed to show that it constitutes material evidence. PFR File, Tab 7 at 6-7; *see, e.g.*, *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 13 (2017); 5 C.F.R. § 1201.114(k).

¶3        After considering the appellant's challenges to the administrative judge's findings on the merits of the appeal, we discern no reason to disturb his thorough and well-reasoned findings regarding:  the agency's charges of providing inaccurate information on Government documents having a direct connection to the National Airspace System and of negligent work performance; the affirmative defense of retaliation; the existence of nexus; and the reasonableness of the penalty.  Initial Appeal File (IAF), Tab 45, Initial Decision (ID) at 4-26, 30-36.  Moreover, we find that the administrative judge did not abuse his discretion in denying the appellant's motion to strike the agency's pleading.  ID at 3-4; IAF, Tab 44; *see* 5 C.F.R. § 1201.41(b)(8).  The record supports the administrative judge's explanation that the agency's pleading was submitted in rebuttal to the appellant's closing submissions containing new evidence and argument that he filed on the date the record was to close.  ID at 3-4; IAF, Tab 17 at 1, Tabs 19-43; *see, e.g.*, *Bucci v. Department of Education*, 42 M.S.P.R. 47, 52 (1989); 5 C.F.R. § 1201.59(c)(2).  However, for the reasons discussed below, we modify the initial decision to supplement the administrative judge's analysis of the lack of candor charge, to analyze the appellant's affirmative defense of age discrimination under the correct causation standard, and to address his disparate penalties claim.

## The appellant's claims of discrimination based on disability, race, and sex have been effectively waived or abandoned.

¶4        The appellant raised claims of discrimination based on disability, race, and sex in his closing submission, but the administrative judge did not address those claims in the initial decision.  IAF, Tab 19 at 29.  The appellant has not raised this as an issue on review.  In *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18, the Board articulated relevant factors we will consider to determine whether a previously raised affirmative defense has been effectively waived or abandoned by the appellant.  Here, the appellant has been represented by attorneys throughout the appeal, he raised nonspecific claims of discrimination based on disability, race, and sex without elaboration or reference to the record,

his only reference to such claims was in his closing submission, he has not reasserted such claims on review, and there is no reason to believe that his apparently abandoning such claims resulted from confusion or misleading or incorrect information. IAF, Tab 19 at 29. Thus, we find that the appellant's claims of discrimination based on disability, race, and sex have been effectively waived or abandoned.

We modify the initial decision to supplement the administrative judge's analysis of the lack of candor charge.

¶5      In disputing the administrative judge's finding that the agency proved its lack of candor charge, the appellant argues that the agency failed to show that he had the requisite element of deception necessary to sustain the charge. PFR File, Tab 3 at 12-13. To establish the "element of deception" necessarily involved in a lack of candor charge, the agency must prove that the appellant knowingly gave incorrect or incomplete information. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶¶ 17-18 (2016) (holding that lack of candor requires proof of the following elements:  (1) the employee gave incorrect or incomplete information; and (2) he did so knowingly). Here, although the administrative judge did not make an explicit finding of deception, he made the credibility determinations needed to resolve the disputed matter. ID at 26-30.

¶6      In sustaining the lack of candor charge, the administrative judge found the appellant's explanation of events to be not credible when compared with the agency's evidence of a log summary report and the deciding official's affidavit. ID at 26-30; IAF, Tab 3, Subtab 4h at 1, Tab 18 at 29-30. Further, the administrative judge found that the appellant did not provide credible evidence that any of the agency's systems were defective so as to inhibit the proper recording of data. ID at 27. For the following reasons, we find that the appellant has failed to provide a reason to disturb the administrative judge's credibility findings. PFR File, Tab 3 at 12-13; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative

judge's credibility findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). In particular, we find that the administrative judge properly considered the relevant factors in making credibility determinations. ID at 26-30; *see Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (explaining the relevant factors an administrative judge must consider in making credibility determinations). Moreover, the administrative judge properly considered the appellant's evidence of his affidavit and the 2015 National Airspace System Technical Evaluation Program Bulletin. ID at 10, 26-28; IAF, Tab 19 at 34-41, 130. Based on our review of the record and the administrative judge's credibility findings, we modify the initial decision to find that the agency proved by preponderant evidence that the appellant knowingly gave incorrect or incomplete information as described in specifications 1-6 of the lack of candor charge. ID at 26-30; IAF, Tab 3, Subtab 4f at 5-7, Subtab 4h at 1, Tab 18 at 28-34.

We modify the initial decision to analyze the affirmative defense of age discrimination under the correct causation standard.

¶7      The administrative judge analyzed the affirmative defense of age discrimination under the erroneous causation standard set forth in *Borowski v. Department of Agriculture*, 40 M.S.P.R. 372, 374 (1989), requiring the appellant to show that his age was the determining factor in the agency's action. ID at 33-34. Thus, we modify the initial decision as follows to analyze that claim under the correct motivating factor standard set forth in *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 7 (2012), and *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 40 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.[3]

---

[3] Although *Savage* involved allegations of race and sex discrimination and retaliation for protected equal employment opportunity activity, the Board discussed analogous provisions from the Age Discrimination in Employment Act in concluding that

¶8      A Federal employee may prove age discrimination by establishing that age was a factor in the challenged personnel action. *Wingate*, 118 M.S.P.R. 566, ¶ 7. In determining whether an appellant has met his initial burden to show a motivating factor, the Board must consider all of the evidence together as a whole without sorting evidence into different piles, labeled "direct" or "indirect," that are evaluated differently. *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 36 (2017). For another employee to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment, all relevant aspects of the appellant's employment situation must be "nearly identical" to that of the comparator employee. *Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012). Thus, to be similarly situated, a comparator must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id.*

¶9      Here, the appellant asserted before the administrative judge that he was treated differently than younger employees for similar charges, and he submitted evidence of comparator employees. IAF, Tab 19 at 30-31, 76-84. The appellant reasserts such argument on review. PFR File, Tab 3 at 18-19. After considering the appellant's evidence as a whole, we find that he has failed to identify a valid comparator for purposes of proving age discrimination based on disparate treatment. In particular, the appellant has failed to specify whether any of the alleged comparators reported to the same supervisor and were subjected to the same standards governing discipline. IAF, Tab 3, Subtab 4b at 5 (explaining that the appellant is held to a higher standard of conduct as an employee holding a safety-sensitive position). Therefore, we find that the appellant has failed to

42 U.S.C. § 2000e-16 is violated when discrimination or retaliation is a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶¶ 35-41.

prove that his age was a motivating factor in the agency's decision to remove him.[4]

We modify the initial decision to address the appellant's disparate penalties claim.

¶10    The administrative judge did not address the appellant's disparate penalties claim in determining the reasonableness of the penalty. ID at 31-33; *see Vargas v. U.S. Postal Service*, 83 M.S.P.R. 695, ¶ 9 (1999). Thus, we modify the initial decision as follows to consider his disparate penalties claim.

¶11    The "consistency of the penalty with those imposed upon other employees for the same or similar offenses" is only one of the factors for consideration in determining the reasonableness of the penalty. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). Since the issuance of the initial decision, the Board has issued *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 9, a precedential decision reinstating our former law governing the analysis of disparate penalties claims. As explained in *Singh*, the fact that two employees come from different work units and/or supervisory chains remains an important factor in determining whether it is appropriate to compare the penalties they are given. *Id.*, ¶ 13. In most cases, employees from another work unit or supervisory chain will not be proper comparators. *Id.* There must be a close connection between the misconduct or some other factor for an employee from another work unit or supervisory chain to be a proper comparator for disparate penalty purposes. *Id.*

¶12    Here, the appellant submitted before the administrative judge a chart explaining the comparator evidence for purposes of a disparate penalties claim, which he reasserts on review. PFR File, Tab 3 at 16-17; IAF, Tab 19 at 25-26,

---

[4] Because we find that the appellant failed to prove motivating factor regarding this claim, we need not resolve the issue of whether the appellant proved that discrimination was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

26 n.1, 136-43. After considering the appellant's chart, we find that he has failed to allege a valid comparator because none of the proffered employees allegedly engaged in "the same or similar offenses," i.e., an employee holding a safety-sensitive position who provided inaccurate information on Government documents and engaged in negligent work performance and lack of candor. *Douglas*, 5 M.S.P.R. at 305; IAF, Tab 3, Subtab 4b at 1-5; *see Singh*, 2022 MSPB 15, ¶ 17 (observing that the Board should not attempt to weigh the relative seriousness of various offenses to determine whether two employees who committed different acts of misconduct were treated disparately). Therefore, we find that the appellant has failed to establish that the agency imposed disparate penalties.

¶13     Accordingly, we affirm the agency's removal action.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                 /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.